UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

KEVIN ANTONIO WATSON, #1003366,

        Petitioner,

v.                                             ACTION NO. 2:18cv480

HAROLD W. CLARKE,
Director of Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Virginia inmate, Kevin Antonio Watson's ("Watson"), *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and respondent's motion to dismiss. ECF Nos. 1, 12. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 12, be **GRANTED**, and Watson's petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** to Watson's right to present his claims after obtaining an order from the United States Court of Appeals for the Fourth Circuit.

On September 10, 2018, Watson submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Watson attacks his convictions, in the Circuit Court for the County of Henrico on November 22, 1999, for forcible sodomy, abduction, two counts of attempted robbery, and four counts of use of a firearm. *Id.* at 3. According to the petition, Watson was sentenced on February 25, 2000, to forty-five years in the Virginia penal system. *Id.*

Watson asserts he was denied effective assistance of trial counsel due to a conflict of interest. *Id.* at 6. Specifically, Watson asserts that his counsel asked that co-counsel be allowed to represent Watson, because co-counsel was competent to cross-examine the DNA expert who would testify at trial. *Id.* at 25–26. Watson further states that he learned for the first time upon receiving a letter from co-counsel dated September 12, 2017, that he is "not trained in forensic science and he would not qualify as a DNA expert." *Id.* at 26, 47. Watson argues that his counsel "labor[ed] under an actual conflict of interest" when he hired co-counsel instead of hiring a DNA expert. *Id.* at 26–27.

Watson has previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court attacking the same 1999 convictions. *Watson v. Angelone*, No. 2:02cv162 (E.D. Va. Nov. 4, 2002), ECF No. 10 (Report and Recommendation). The petition was denied and dismissed with prejudice on December 20, 2002. *Id.*, ECF No. 13 (Final Order).

Watson's current petition is a successive section 2254 petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This Court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Watson's successive application for a writ of habeas corpus, nor does it appear from the petition that Watson has moved for such an order. Therefore, this Court may not consider Watson's application for a writ of habeas corpus.

It is therefore **RECOMMENDED** that Watson's federal petition be **DISMISSED WITHOUT PREJUDICE** to Watson refiling his federal petition after obtaining an order authorizing the filing of a successive petition from the Court of Appeals for the Fourth Circuit.

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
April 23, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Kevin Antonio Watson, #1003366
>Wallens Ridge State Prison
>P.O. Box 759
>Big Stone Gap, VA 24219

Fernando Galindo, Clerk

By _____
Deputy Clerk

April 23, 2019

4